UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEANNIE HOLOHAN,

                                                    Case No.: 18-cv-6275 (AJN)

                               Plaintiff,

              - against –

NEWMARK & COMPANY REAL ESTATE, INC.,
AND MERRILL L. ROTH, INDIVIDUALLY

                               Defendants.
-------------------------------------------------------------------x

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT OF PLAINTIFF JEANNIE HOLOHAN

---

GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700

By:
    Peter J. Biging, Esq.
    Allison E. Ianni, Esq.
    Joanne J. Romero, Esq.

Attorneys for Defendants
NEWMARK & COMPANY REAL ESTATE,
INC., AND MERRILL L. ROTH,
INDIVIDUALLY

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ................................................................................................... 2

ARGUMENT ...................................................................................................................... 5

POINT I ............................................................................................................................. 5
  THE APPLICABLE STANDARD ................................................................................ 5

POINT II ............................................................................................................................ 6
  THE COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS OF SEXUAL
  HARASSMENT .......................................................................................................... 6

     A.     PLAINTIFF DOES NOT PLAUSIBLY ALLEGE HOSTILE WORK
           ENVIRONMENT SEXUAL HARASSMENT PURSUANT TO TITLE VII OR
           THE NYSHRL ................................................................................................ 6

     B.     PLAINTIFF FAILS TO PLAUSIBLY ALLEGE THAT THE ALLEGEDLY
           HOSTILE ENVIRONMENT WAS "BECAUSE" OF HER SEX ....................... 12

     C .     THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF SEXUAL
           HARASSMENT UNDER THE NYCHRL ......................................................... 14

POINT III ......................................................................................................................... 16
  PLAINTIFF FAILS TO PLAUSIBLY ALLEGE ANY BASIS TO IMPUTE LIABILITY
  ONTO NEWMARK ................................................................................................... 16

POINT IV ......................................................................................................................... 18
  PLAINTIFF FAILS TO ALLEGE PLAUSIBLE CLAIMS OF RETALIATION UNDER
  TITLE VII, NYSHRL OR NYCHRL ........................................................................ 18

POINT V .......................................................................................................................... 20
  PLAINTIFF CANNOT ESTABLISH AIDER OR ABETTOR LIABILITY AS AGAINST
  ROTH UNDER THE NYSHRL OR NYCHRL ........................................................... 20

POINT VI ......................................................................................................................... 22
  THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION
  OVER PLAINTIFF'S REMAINING CLAIMS AND DISMISS THE COMPLAINT .......... 22

CONCLUSION ................................................................................................................. 23

21072338.v1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Davis Polk & Wardwell LLP*,
850 F Supp. 2d 392 (S.D.N.Y. 2012)..................................................................7, 9, 15, 16, 22

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................5

*Bell v. Baruch Coll.-CUNY*,
2018 WL 1274782, 2018 Fair Empl Prac Cas (BNA) 81757 (S.D.N.Y. March
9, 2018) ..................................................................................................................10

*Bliss v. MXK Rest. Corp.*,
220 F. Supp. 3d 419 (S.D.N.Y. 2016)..................................................................7

*Bowen-Hooks v. City of N.Y.*,
13 F. Supp. 3d 179 (E.D.N.Y. 2014) ..................................................................13

*Carrasco v. Lenox Hill Hosp.*,
2000 WL 520640 (S.D.N.Y. Apr. 28, 2000), *aff'd,* 4 Fed. App'x 29 (2d Cir.
2001) ..................................................................................................................14

*Carter v. Verizon*,
2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ..................................................11, 13

*Christiansen v. Omnicom Grp., Inc.*,
167 F. Supp. 3d 598 (S.D.N.Y. 2016)..................................................................22

*Ciccotto v. LCOR, Inc.*,
2001 WL 514304 (S.D.N.Y. Jan. 31, 2011) ..................................................14

*Collymore v. City of New York*,
2018 WL 3014093 (S.D.N.Y. June 14, 2018) ..................................................7

*Cristofaro v. Lake Shore Cent. Sch. Dist.*,
473 F. App'x 28 (2d Cir. 2012) ..................................................................11

*Davis-Bell v. Columbia Univ.*,
851 F. Supp. 2d 650 (S.D.N.Y. 2012)..................................................................13

*Falbaum v. Pomerantz*,
19 Fed. App'x 10 (2d Cir. 2001)..................................................................20

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998)...........................................................................................................7

*Fattoruso v. Hilton Grand Vacations Co., LLC*,
   873 F. Supp. 2d 569 (S.D.N.Y. 2012), *aff'd* 525 Fed. Appx. 26 (2d Cir. 2013) ....................14

*Feliciano v. City of New York*,
   2015 WL 4393163 (S.D.N.Y. July 15, 2015) ........................................................................19

*Forrest v. Jewish Guild for the Blind*,
   3 N.Y.3d 295 (2004) ...........................................................................................................20

*Giudice v. Red Robin Intern'l, Inc.*,
   555 F. App'x 67 (2d Cir. 2014) ...........................................................................................18

*Godineaux v. LaGuardia Airport Marriott Hotel*,
   460 F. Supp. 2d 413 (E.D.N.Y. 2006) .................................................................................12

*Grimes-Jenkins v. Consol. Ed. Co.*,
   2017 WL 2258374 (S.D.N.Y. May 22, 2017) ........................................................................19

*Harris v. NYU Langone Med. Ctr.*,
   2013 WL 3487032 (S.D.N.Y. July 9, 2013) *adopted as modified*, 2013 WL
   5425336 (S.D.N.Y. Sept. 27, 2013)......................................................................................18

*Hicks v. Int'l Bus. Machs.*,
   44 F.Supp.2d 593 (S.D.N.Y.1999) ......................................................................................21

*Hirsch v. Arthur Andersen & Co.*,
   72 F.3d 1085 (2d Cir. 1995)................................................................................................20

*Jackson v. Citiwide Corp. Transp.*,
   2004 WL 307243 (S.D.N.Y. Feb.17, 2004)..........................................................................12

*Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.*,
   716 F.3d 10 (2d Cir. 2013)..................................................................................................18

*Korzeniewski v. New York*,
   2013 WL 6148076 (W.D.N.Y. Nov. 22, 2013) ........................................................................9

*Lamar v. NYNEX Serv. Co.*,
   891 F. Supp. 184 (S.D.N.Y. 1995) ......................................................................................10

*Lenart v. Coach Inc.*,
   131 F. Supp. 3d 61 (S.D.N.Y. 2015)...........................................................................7, 8, 12

*Littlejohn v. City of New York, et al.*,
   795 F.3d 297 (2d Cir. 2015)..................................................................................................5

iii

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013).........................................................................................5

*Mack v. Otis Elevator Co.*,
    326 F.3d 116 (2d Cir. 2003).......................................................................................16

*Magnoni v. Smith & Laquercia, LLP*,
    701 F. Supp. 2d 497 (S.D.N.Y 2010)........................................................................15

*Marquez v. City of New York*,
    2016 WL 4767577 (S.D.N.Y. Sept. 12, 2016)......................................................8, 22

*McCall v. Genpak, LLC*,
    2015 WL 5730352 (S.D.N.Y. Sept. 30 2015)...........................................................16

*Melman v. Montefiore Med. Ctr.*,
    98 A.D.3d 107 (1st Dep't 2012) ................................................................................15

*Mesias v. Cravath, Swaine & Moore LLP*,
    106 F. Supp. 3d 431 (S.D.N.Y. 2015)...................................................................13, 22

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013).......................................................................................15

*Mormol v. Costco Wholesale Corp.*,
    364 F.3d 54 (2d Cir. 2004)...........................................................................................9

*Nunez v. New York State Dept. of Corrections and Community Supervision*,
    2015 Fair Empl Prac Cas (BNA) 187128 (S.D.N.Y. July 31, 2015) .......................11

*O'Dell v. Trans World Entertainment Corp.*,
    153 F. Supp. 2d 378 (S.D.N.Y. 2001), *aff'd*,40 Fed App'x 628 (2d Cir. 2002).....................12

*Patane v. Clark*,
    508 F.3d 106 (2d Cir. 2007)..........................................................................................7

*Perry v. NYSARC, Inc.*,
    424 Fed. Appx. 23 (2d Cir. 2011)..........................................................................5, 20

*Polimeni v. Am. Airlines, Inc.*,
    1996 WL 743351 (E.D.N.Y. Dec.18, 1996) .............................................................12

*Prince v. Cablevision Sys. Corp.*,
    2005 WL 1060373 (S.D.N.Y. May 6, 2005) .......................................................11, 18

*Quinn v. Green Tree Credit Corp.*,
    159 F.3d 759 (2d Cir. 1998).......................................................................................12

iv

*Reid v. Ingerman Smith LLP*,
876 F. Supp. 2d 176 (E.D.N.Y. 2012) ..................................................................21

*Robles v. Goddard Riverside Cmty. Ctr.*,
2009 WL 1704627 (S.D.N.Y. June 17, 2009) .......................................................21

*Salvatore v. KLM Royal Dutch Airlines*,
81 Fair Empl. Prac Cas (BNA) 873, 1999 WL 796172 (S.D.N.Y. Sep. 30,
1999) ......................................................................................................................10

*Spina v. Our Lady of Mercy Med. Ctr.*,
2003 WL 22434143 (S.D.N.Y. Oct. 23, 2003) .....................................................12

*Tomka v. Seiler Corp.*,
66 F.3d 1295 (2d Cir. 1995)...........................................................................20, 21

*Trachtenberg v. Dep't of Educ. of City of N. Y.*,
937 F. Supp. 2d 460 (S.D.N.Y. 2013).................................................................13

*United Mine Workers v. Gibbs*,
383 U.S. 715 (1966)............................................................................................22

*Vance v. Ball State Univ.*,
570 US 421 (2013)...............................................................................................16

*Watkins v. New York City Health and Hosps. Corp.*,
2018 N.Y. Slip Op. 31054[U] (Sup Ct, New York County 2018).........................15

*Williams v. N.Y.C. Hous. Auth.*,
61 A.D.3d 62 (1st Dep't 2009) .....................................................................14, 15

## Statutes

Title VII  ...........................................................1, 6, 7, 8, 10, 11, 12, 15, 16, 18, 19, 22

New York City Human Rights Law...........................1, 14, 15, 16, 18, 19, 20, 21, 22, 23

New York State Human Rights Law ...........................1, 6, 7, 9, 11, 12, 15, 16, 18, 19, 20, 21, 22

## Other Authorities

Federal Rule of Civil Procedure 12(b)(6) ..................................................................2, 21

v

## PRELIMINARY STATEMENT

Defendants Newmark & Company Real Estate, Inc. ("Newmark") and Merrill Roth ("Roth") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint of Plaintiff Jeannie Holohan ("Plaintiff" or "Holohan") in its entirety.  In her Complaint, Holohan alleges claims of discrimination (based on alleged hostile work environment sexual harassment) and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  As set forth in detail below, Holohan's causes of action each fail to state a claim upon which relief may be granted.

Holohan's allegations are insufficient to provide a plausible basis for her hostile work environment sexual harassment claims, as none of the incidents described in the Complaint – standing alone or together – rises to the level of the "severe" or "pervasive" misconduct that is necessary to plead claims under either Title VII or the NYSHRL, or rises beyond the level of petty slights and trivial inconveniences as required to state a NYCHRL claim.  Nor do the allegations suggest that Defendants treated Holohan "less well" based on her sex under the NYCHRL.  Rather, the Complaint alleges a handful of nonactionable, routine workplace interactions between Roth and Holohan.  Recognizing the weakness of her factual allegations, Holohan attempts to color the interactions as sexual in nature by stating a handful of times that she *perceived* the alleged comment or conduct to be suggestive.  In one instance she goes so far as to use the loaded descriptors "looking her up and down" when describing defendant Roth merely looking at her clothing and assuring her – ***in response to her own concerns about her wardrobe*** – that it was perfectly acceptable workplace attire, and characterizing this otherwise ordinary and commonplace comment as having been made "suggestively".  Stripped of her salacious perceptions and these salacious descriptors, it is clear that, with the exception of one

1

alleged comment, over an 8 month period, Holohan's exchanges with Roth were mundane and innocuous.  And, even accepted as true for the sake of this motion, this single alleged exchange, by itself, is simply not so severe, as a matter of law, to give rise to a hostile work environment sexual harassment claim on its own.

Holohan's retaliation claims fail to hold up under close scrutiny as well.  The Complaint utterly fails to link her alleged termination to her alleged complaints about alleged sexual harassment.  At most, Plaintiff alleges that the company informed her that her complaint would be investigated, that her alleged harassers would have no involvement in the investigation, and that she would be moved to another department away from them if she wished, and then she was subsequently separated from the company.  These allegations simply do not adequately plead a basis for her conclusory assertion that the protected activity she claims to have engaged in was causally connected to any adverse employment action she suffered.

Accordingly, for the reasons discussed more fully below, Plaintiff's claims should be dismissed, in their entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS

Holohan began working at Newmark as a Temporary Administrative Assistant through a staffing agency on or about November 7, 2016.  (Comp. ¶14).  Newmark subsequently hired her as an Administrative Assistant on or about March 20, 2017.  (Comp. ¶ 15).  During her time at Newmark, she was assigned to work in the Brokerage Department for Robert Emden ("Emden"), an Executive Managing Director, and Roth, a Vice Chairman.[1]  (Comp. ¶ 21).

---

[1] Defendants specifically deny any and all allegations of wrongdoing in the Complaint.

2

While purporting to set the stage for allegations of a hostile work environment based on severe or pervasive sexual harassment, the Complaint alleges, in the main, a handful of innocuous comments and other common workplace tribulations between Holohan and Roth, beginning on or about June 1, 2017, such as:

- On June 1, 2017, Roth e-mailed Holohan that she left her pad in his office, and asked if there was a reward. (Tellingly, Holohan replied, "Not a bounty :) Funny!") (Comp. ¶18.)

- In mid-June 2017, a co-worker advised Holohan that Holohan may not be in compliance with the summer dress code, so Holohan informed Roth and Emden that she was going to leave to buy different pants. In response, Roth allegedly looked at Holohan "up and down" and stated that he had no problem with what he saw. (Comp. ¶¶ 20-22, 105.)

- In late July/early August, Holohan was assisting Roth with making edits to a presentation, and during this week long period, Roth asked Holohan to sit next to him to review his edits. (Comp. ¶ 29.)

    - On one occasion, Roth allegedly leaned in toward Holohan as he reached for various items on his desk, while reviewing the project. (Comp. ¶ 30.)

    - On another occasion, Holohan corrected Roth on an error and he commented, "You think you're so smart, don't you? I wonder what else you are good at?" (Comp. ¶ 31.)

    - Later, on or about August 8, 2017, Roth's hand inadvertently brushed against Holohan's thigh while reviewing the project, causing her to move away. (Comp. ¶ 33.)

- On one occasion in mid-August, Roth allegedly stood close to Holohan. (Comp. ¶¶ 41-49.) (Significantly, there is no allegation that Plaintiff perceived this incident to be sexually suggestive in any way).

- On October 11, 2017, Robert Emden reprimanded Holohan for omitting his clients from an event list and chastised her when she blamed him for the omission. (Comp. ¶¶ 64 – 65.)

- David Emden told her that Robert Emden and Roth both were sick of her attitude, and Robert Emden responded "If this attitude keeps up, this is not going to work out." (Comp. ¶¶ 68-71) Following this meeting with the Emdens, Holohan asked Mary Roberts ("Roberts"), Director of Operations (Comp. ¶ 23), and Ikett Davis ("Davis"), Human Resources Manager (Comp. ¶ 43) for a transfer from Emden's team, but was

told to manage her time better, do what she was told because it was "the nature of the beast and to deal with it," and to not screw up the October assignment. (Comp. ¶¶72-78).

- On November 21, 2017, in a meeting with Roth, Emden, and Roberts, Roth presented Plaintiff with a written warning which detailed Plaintiff's combative attitude and insubordinate behavior, the fact that Roth had to come out of his office to get Plaintiff to assist him, and her getting into an altercation with him on the main office floor which embarrassed him. (Comp. ¶¶ 91-92.) *That evening*, Holohan emailed Human Resources to ask for a transfer from working with Roth. (Comp. ¶ 99.)

In an effort to color these normal workplace interactions and tribulations as bearing sexually suggestive overtones and evidencing sexual harassment, Holohan characterizes Roth's review of her workplace attire as involving "look[ing] her up and down." Compl. ¶ 22. She claims that on the lone occasion when Roth's hand inadvertently brushed against her leg as they were working together and she moved away from him, he reacted by making the comment "You know I'm not a sexual monster. But my wife thinks I am," and "You know I understand women," as she exited the room, purporting to have to use the restroom. (Comp. ¶33-37) And she claims to have suddenly felt physically and mentally too unwell to report to work due to the "hostile work environment." (Comp. ¶103) Tellingly, these allegations were made only after Holohan had been written up for poor work performance.

Holohan alleges that she met with Human Resources a week after her bad review and complained for the first time about Roth's alleged misconduct. (Compl. ¶¶ 91, 104). In doing so, she admits that her claims were being investigated, and that she was advised that Roth, Emden, and Roberts would not be involved in the process (Compl. ¶¶ 104 -113.) She further was offered reassignment to a department away from these individuals, which she declined. (Comp. ¶ 107 and ¶ 112.) Without providing further detail, and without offering any factual allegation purporting to link her termination to her complaints about alleged sexual harassment,

Holohan summarily alleges that on December 6, 2017, her employment with Newmark was terminated.  (Comp. ¶ 114.)

## ARGUMENT

## POINT I

### THE APPLICABLE STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In the case of a plaintiff asserting claims of discrimination, the allegations must set forth facts that give plausible support to a minimal inference of discriminatory motivation.  *Littlejohn v. City of New York, et al.*, 795 F.3d 297, 306 (2d Cir. 2015).  In other words, a complaint must plead "factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also, e.g., Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013).  When considering whether a complaint has met this basic pleading standard, a court first must ferret out and disregard all legal conclusions, including legal conclusions couched as factual allegations, labels, formulaic recitations of elements and conclusory statements.  *Iqbal*, 556 U.S. at 679-681; *Twombly*, 550 U.S. at 555.  Then, the Court must determine whether the factual allegations, if taken as true, set forth facts sufficient to allege each element of a claim and establish a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.

Further, although a Court must generally accept as true all of the factual assertions in the complaint, "there is a narrow exception to this rule for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice."  *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. 2011) (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995) ("the Complaint's

5

attenuated allegations of control are contradicted both by more specific allegations in the Complaint and by facts of which we may take judicial notice"). If the factual allegations in the Complaint "do not permit the court to infer more than the mere possibility of misconduct" the plaintiff has not shown that he is entitled to relief, and the Complaint must be dismissed. *See Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Applying these standards to the allegations presented in the Complaint, it can readily be seen that Holohan fails to state any legally cognizable claims of hostile work environment sexual harassment or retaliation against any of the Defendants. As a result, each of those claims should be dismissed.

## POINT II

### THE COMPLAINT FAILS TO STATE PLAUSIBLE CLAIMS OF SEXUAL HARASSMENT

Holohan's allegations of sexual harassment should be dismissed because: (1) the Complaint's allegations of episodic and innocuous comments are insufficient to establish a "severe" or "pervasive" hostile work environment; (2) the allegations fail to establish a plausible basis for concluding that the alleged harassing conduct was directed at Plaintiff "because" of her sex; and (3) the Complaint does not adequately plead that Holohan was treated less well based on her sex.

**A.** **Plaintiff Does Not Plausibly Allege Hostile Work Environment Sexual Harassment Pursuant to Title VII or the NYSHRL**

To state a claim under Title VII and the NYSHRL for hostile work environment sexual harassment, "a plaintiff must plead facts that tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives

as hostile or abusive; and (3) creates such an environment because of the plaintiff's sex." *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (applying standard to Title VII); *Anderson v. Davis Polk & Wardwell LLP*, 850 F Supp. 2d 392, 404 (S.D.N.Y. 2012) (noting that same standard applies to Title VII and NYSHRL claims); *see also Collymore v. City of New York,* Case No. 16-CV-08270-LTS, 2018 WL 3014093 (S.D.N.Y. June 14, 2018) (granting defendants' motion to dismiss sexual harassment claim where plaintiff claimed she experienced "unwelcome touching," but failed to plead facts that touching was "because of her" sex); *Bliss v. MXK Rest. Corp.,* 220 F. Supp. 3d 419 (S.D.N.Y. 2016) (granting motion to dismiss hostile work environment claim where bartender failed to allege she was subjected to sex party work because she was a woman or that observing these parties was necessarily more offensive to women).  As demonstrated below, the Complaint fails to state a cognizable claim of sexual harassment under Title VII or the NYSHRL.

First, Holohan has not plausibly alleged conduct was objectively either "severe" or "pervasive." Facts must be alleged and proven that offensive conduct has crossed the line from "ordinary tribulations of the workplace, such as the sporadic use of abusive language . . . and occasional teasing," to unlawful harassment.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks omitted).  In other words, Holohan must plausibly allege that the workplace was permeated with such "discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered."  *See Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 67 (S.D.N.Y. 2015) (granting motion to dismiss where plaintiff failed to "plausibly allege behavior 'so extraordinarily severe . . . to have altered the conditions of [his] working environment'").  *See also Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012) (granting motion to dismiss finding that "[f]rom an objective perspective her

7

conduct is far short of what might be called 'severe' or 'pervasive' and so is facially insufficient to support a claim"); *Marquez v. City of New York*, 14-CV-8185 (AJN), 2016 WL 4767577, at *9 (S.D.N.Y. Sept. 12, 2016) (dismissing sexual harassment claim on summary judgment because comments concerning plaintiff's "nice and tight" physical shape, plaintiff's "open" pants and defendant's "gun show" muscles – while no doubt inappropriate and boorish – are not, as an objective matter, sufficiently severe to be actionable under Title VII.  These comments did not, for example, contain profanity, slurs, insults, or threats, and did not explicitly reference sexual acts or specific physical features").  This she has failed to do.

Viewing the facts alleged, without characterization, innuendo, or sexually suggestive descriptor, the Complaint is revealed as being utterly devoid of any facts suggesting that the conduct was sufficiently severe or pervasive to alter the conditions of Holohan's employment and create an abusive working environment.[2] *Lenart v. Coach Inc.*, supra, 131 F. Supp. 3d 61, 67 (S.D.N.Y. 2015) (granting motion to dismiss where Plaintiff failed to "plausibly allege behavior 'so extraordinarily severe . . . to have altered the conditions of [his] working environment'").  Indeed, it is clear that, even with the "spin" given by Plaintiff to the very reasonable consideration of her work attire occasioned by Plaintiff herself claiming a need to immediately leave the workplace to buy new clothes, and the allegation of a single alleged inappropriate comment uttered by Roth on one occasion (which was not reported for four months and was not reported until after she had been written up for poor performance), over the course of the 8 months she worked for Roth, there is simply no plausible basis to conclude that, accepted as true for purposes of this motion, Plaintiff's allegations evidence extraordinarily

---

[2]  Indeed, that Plaintiff continued to work with Roth without complaint for months after the alleged incident occurred, only complaining after she received a written warning, strongly suggests that conduct did not alter the conditions of her employment to the point of being abusive.

severe conduct, or a workplace so permeated with such "discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered."  In fact, the allegations evidence the opposite.

Particularly pertinent to this Court's analysis is the decision in *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012), in which the court granted plaintiff's motion to dismiss sexual harassment claims where plaintiff alleged that his supervisor came to his cubicle "on occasions and placed her vagina" on his left shoulder or inches from his face.  The court found that these allegations at most supported the inference that defendant, as plaintiff's supervisor, had reason to visit him in his cubicle, but stood too close to him.  "From an objective perspective," the court concluded, "her conduct is far short of what might be called 'severe' or 'pervasive' and so is facially insufficient to support a claim under the NYSHRL."  *Id.  See also Korzeniewski v. New York*, 12-CV-727, 2013 WL 6148076, at *6 (W.D.N.Y. Nov. 22, 2013) (granting motion to dismiss where superintendent stated three times at inmate graduation that women should not perform drill and ceremony; once stating "I work with a bunch of fucking idiots" and twice swinging his fist toward plaintiff while stating, "Badda Boom!", which occurred over the course of thirteen months, was neither objectively severe nor pervasive).

Where, as here, the number of incidents cited are few and occur in a short span of time – Plaintiff alleges only two incidents in June (the found notepad email and the dress code incident, which are objectively not even remotely sexual in nature) (Compl. ¶¶ 18-22) and three other incidents (the editing sessions) in the span of about one or two weeks in late July/early August (Compl. ¶¶ 29-37) – they are far from being pervasive.  *See, e.g., Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 59-60 (2d Cir. 2004) (affirming summary judgment dismissal

finding alleged conduct was not severe or pervasive, episodes were few and occurred over a short span of time where plaintiff alleged that during a one-month period: (1) her manager stated he would deny vacation request if she did not have sex with him; (2) plaintiff called during her vacation and made her return to work early under threat of termination or transfer; (3) gave her a note upon her return asking for sex; (4) then threatened to transfer her, reduced her hours, unfairly wrote her up for being five minutes late, stating that  the "next write-up will result in suspension and or termination.").

Moreover, Plaintiff's allegation that Roth's hand brushed against her thigh while sitting next to her to review a project, and that he commented as she moved away that he's "not a sexual monster" and "understands women well"– is not alleged to have been repeated, and on its own fails to present an incident of such severity as to give rise to a hostile work environment sexual harassment claim.  *See Salvatore v. KLM Royal Dutch Airlines,* 81 Fair Empl. Prac Cas (BNA) 873, 1999 WL 796172, at *11 (S.D.N.Y. Sep. 30, 1999) (granting motion to dismiss where it was alleged that supervisor would put his arm around plaintiff's shoulder or through her arm and say "Come, Wife," "Come, Dear", "Let's go Hon"); *Bell v. Baruch Coll.-CUNY*, 2018 WL 1274782 at *5, 2018 Fair Empl Prac Cas (BNA) 81757 (S.D.N.Y. March 9, 2018) (granting motion to dismiss Title VII sexual harassment claim, where it was alleged that supervisor touched Plaintiff's shoulder and bicep on three occasions, amounting to "casual contact" that is "unlikely to create a hostile environment in the absence of aggravating circumstances such as continued contact after an objection").  *See also Lamar v. NYNEX Serv. Co.,* 891 F. Supp. 184, 195 (S.D.N.Y. 1995) (dismissing sexual harassment claim on summary judgment as "too mild and innocuous" where "the only sexual behavior plaintiff contends that [defendant] directed specifically toward her was touching her hand, saying that she looked 'hot,'

10

and staring at her."); *Cristofaro v. Lake Shore Cent. Sch. Dist.*, 473 F. App'x 28, 30 (2d Cir. 2012) (summary order) (affirming summary judgment dismissal and holding that where employee's supervisor "occasionally commented on [plaintiff's] physical appearance," and "briefly made contact with the side of [plaintiff's] body," among other actions, the "record [was] insufficient as a matter of law to permit a reasonable factfinder to identify a hostile work environment based on sex" under federal or state law).

While Plaintiff purports to make much of this lone alleged interaction with Roth, courts have granted motions to dismiss in cases involving allegations of conduct far more egregious than the admittedly non-flirtatious incident that Holohan alleges here, including in cases involving overt sexual advances, groping or forcible kissing. *See, e.g., Prince v. Cablevision Sys. Corp.,* No. 04 Civ, 8151(RWS), 2005 WL 1060373 at *7-10 (S.D.N.Y. May 6, 2005) (granting motion to dismiss Title VII/NYSHRL/NYCHRL hostile work environment claims based on allegations of an unspecified number of occasions of inappropriate sex talk, and that a senior employee made sexual advances toward the plaintiff, solicited her for sex in a public bathroom, and tried to kiss her and put his tongue down her throat); *Nunez v. New York State Dept. of Corrections and Community Supervision,* 2015 Fair Empl Prac Cas (BNA) 187128 (S.D.N.Y. July 31, 2015) (granting motion to dismiss hostile work environment claims under NYSHRL where allegations that Supervisor became "infatuated" with and repeatedly attempted to pressure Plaintiff to go on dates with him—at least once making a work-related threat—did not rise to the level of "severe or pervasive" conduct necessary to sustain a hostile work environment claim under the NYSHRL or Title VII); and *Carter v. Verizon*, 13 CIV. 7579 KPF, 2015 WL 247344, at *12 (S.D.N.Y. Jan. 20, 2015) (granting motion to dismiss federal and state hostile work environment claims alleging that supervisor "would place her hands on Plaintiff's

shoulders and press her breasts against Plaintiff" or "would walk by Plaintiff's desk, touch his

shoulders, and ask, 'Do you have some money for me?').[3]

**B.      Plaintiff Fails to Plausibly Allege that the Allegedly Hostile Environment was "Because" of Her Sex**

Plaintiff's Title VII and NYSHRL sexual harassment claims further fail because the

conduct alleged in the Complaint is objectively not based upon her sex nor even remotely

sexual in nature.   Where, as here, the allegations of sexual harassment are undermined or

contradicted by the Complaint (which admits that Roth's alleged comments and conduct were

NOT explicitly flirtatious (Compl. at ¶ 110)), dismissal at the pleading stage is appropriate.  *See*

*Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 67 (S.D.N.Y. 2015)(noting that allegations were

"undermined, if not directly contradicted, by other allegations").

The Complaint attempts to seize upon ordinary workplace interactions and spin them

into actionable conduct by using suggestive language.   Yet, even the context provided by

---

[3] Other examples of cases which were dismissed with far more egregious alleged conduct, albeit on summary judgment, include: *Jackson v. Citiwide Corp. Transp.*, No. 02–Civ.–1323(DC), 2004 WL 307243, at *2–3 (S.D.N.Y. Feb.17, 2004) (plaintiff testified that supervisor made repeated sexual jokes and comments and frequently "stared at plaintiff's breasts," and on one occasion "pinched her on the side and rear end"); *Polimeni v. Am. Airlines, Inc.*, No. 92–Civ.–5702(RJD), 1996 WL 743351, at *1-2 (E.D.N.Y. Dec.18, 1996) (on one occasion, alleged harasser told plaintiff she "need[ed] to be fucked and touched" while shaking her arm, and brushed against her breast; ten months later, harasser asked if she was afraid of him, called her a "bitch" and "blew in the back of [her] hair"; nine months later, harasser " 'struck [her] in the buttocks and lower back area with his carry-on bag' when he walked by her"); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759 at 768 (2d Cir. 1998) abrogated in part on other grounds by Nat'l R.R. Pass. Corp., v. Morgan, 122 S.Ct. 2061 (2002) (affirming summary judgment dismissal of a hostile work environment claim where a supervisor told the plaintiff that "she had been voted the 'sleekest ass' " in the office and touched the plaintiff's breasts with papers in his hand); *Godineaux v. LaGuardia Airport Marriott Hotel*, 460 F. Supp. 2d 413, 422 (E.D.N.Y. 2006) (granting summary judgment for employer and collecting summary judgment cases where offensive, inappropriate, crude, or grotesque behavior did not meet the severe or pervasive standard as a matter of law); *O'Dell v. Trans World Entertainment Corp.*, 153 F. Supp. 2d 378, 386 (S.D.N.Y. 2001), *aff'd*,40 Fed App'x 628 (2d Cir. 2002) (granting summary judgment, dismissing a hostile work environment claim where a supervisor made comments about the plaintiff's appearance, "sent her e-mails professing his love for her, called her at work and at home, invited her to tour New York City with him, gave her three gifts, and played her a song that she found offensive"); *Spina v. Our Lady of Mercy Med. Ctr.*, No. 97 Civ. 4661(KTD), 2003 WL 22434143, at *3 (S.D.N.Y. Oct. 23, 2003) (on summary judgment, supervisor's comment that plaintiff looked good in tight pants, his leering at plaintiff, referring to plaintiff as a "bitch" twice, following her to the restroom door, yelling at her for no reason, and pointing his finger in her face were not sufficiently severe or pervasive to constitute a hostile work environment).

Plaintiff – such as her allegation that Roth "looked her up and down" in response to her concerns about the propriety of her workplace attire – make clear that the conduct was not gender-based.  Plaintiff tries to buttress her claims with allegations that her work was unfairly criticized, but those allegations too are insufficient to evidence that a hostile work environment was created based on her sex.  *Mesias v. Cravath, Swaine & Moore LLP*, 106 F. Supp. 3d 431, 439 (S.D.N.Y. 2015) (granting motion to dismiss and finding that allegations, including that plaintiff was blamed for various mistakes that were not her fault do not rise to the level of a hostile work environment); *Davis-Bell v. Columbia Univ.,* 851 F. Supp. 2d 650, 672-79 (S.D.N.Y. 2012) (SJ - no hostile environment when plaintiff was "verbally abused," "cursed at" and "yelled at," physically blocked into a private office, "falsely" accused of workplace misconduct and crimes, had "paper thrown at her," and had "repeated requests for ... transfer and reassignment [made] by her supervisor"); *Bowen-Hooks v. City of N.Y.,* 13 F. Supp. 3d 179, 235-36 (E.D.N.Y. 2014) (SJ - male supervisor following female lieutenant to parking garage in "menacing manner" and threatening to charge her with insubordination for refusing to remove window covering from her office insufficiently severe to constitute hostile environment);*Trachtenberg v. Dep't of Educ. of City of N. Y.,* 937 F. Supp. 2d 460, 472-73 (S.D.N.Y. 2013) (granting motion to dismiss age discrimination case where "excessive scrutiny" from principal, "negative performance evaluations and ... letters that contained scurrilous charges," "frequent[ ]" staring in "an effort to intimidate" plaintiff, required move to "poorly ventilated windowless office," and "refus[al] [of] training opportunities" did not constitute hostile work environment); *Carter v. Verizon*, 13 CIV. 7579 KPF, 2015 WL 247344, at *12 (S.D.N.Y. Jan. 20, 2015) (citing *Alfano v. Costello,* 294 F.3d 365 (2d Cir. 2002) ("Everyone can be characterized by sex, race, ethnicity, or (real or perceived) disability; and many bosses are

13

harsh, unjust, and rude.  It is therefore important in hostile work environment cases to exclude from consideration personnel decisions that lack a linkage or correlation to the claimed ground of discrimination. Otherwise, the federal courts will become a court of personnel appeals.").

The simple fact is that the Complaint is bereft of any allegations which might conceivably give rise to a plausible inference that these other alleged incidents of hostile work environment, such as being asked by Emden to carry out personal assignments, or being told that Emden and Roth were sick of her, are based upon Plaintiff's sex.  This is of critical importance, because while harassment at work is certainly not something to be applauded, "harassment that is inflicted without regard to gender is not actionable because it does not discriminate between the sexes."  *Ciccotto v. LCOR, Inc.,* 2001 WL 514304, at *13 (S.D.N.Y. Jan. 31, 2011). Accordingly, because these allegations of harassment fail to evidence conduct based on Holohan's gender and are not alleged to have been sexual in nature, they cannot serve to salvage her sexual harassment claims.  *Carrasco v. Lenox Hill Hosp.*, 99 CIV. 927 (AGS), 2000 WL 520640, at *8 (S.D.N.Y. Apr. 28, 2000), *aff'd,* 4 Fed. App'x 29 (2d Cir. 2001).

**C.**   **The Complaint Fails to State a Plausible Claim of Sexual Harassment under the NYCHRL**

Holohan's allegations of sexual harassment are likewise insufficient to state a claim pursuant to the NYCHRL.  To state a plausible claim of sexual harassment or sex discrimination under the NYCHRL, Holohan must adequately plead that she was treated "less well" because of her gender.  *See Williams v. N.Y.C. Hous. Auth.,* 61 A.D.3d 62, 75 (1st Dep't 2009) ("There is no 'sexual harassment provision' of the [NYCHRL] to interpret; there is only the provision of the law that proscribes imposing different terms, conditions and privileges of employment based, inter alia, on gender."); *Fattoruso v. Hilton Grand Vacations Co., LLC,* 873 F. Supp. 2d 569, 578

14

(S.D.N.Y. 2012), *aff'd* 525 Fed. Appx. 26 (2d Cir. 2013) (dismissing claim where "there is nothing that indicates that plaintiff was treated 'unequally' based upon his gender . . ."); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013).   While the NYCHRL hostile work environment standard is more liberal than the Title VII or the NYSHRL standard, it nonetheless requires a showing that "the alleged discriminatory conduct in question does not represent a 'borderline' situation" but exceeds "what a reasonable victim of discrimination would consider 'petty slights and trivial inconveniences.'"   *Watkins v. New York City Health and Hosps. Corp.*, 2018 N.Y. Slip Op. 31054[U], 15 (Sup Ct, New York County 2018) (dismissing NYCHRL claim on summary judgment where plaintiff provided little detail concerning the specific treatment he received) citing *Williams*, 61 AD3d at 80.   Plaintiff's allegations of sexual harassment are insufficient to withstand a motion to dismiss even under this more liberal standard.   *See*, *e.g.*, *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78-79 (1st Dep't 2009) (plaintiff's claims of a hostile work environment based on sexual harassment, gender discrimination, and unlawful retaliation were dismissed under NYCHRL); *Melman v. Montefiore Med. Ctr.*, 98 A.D.3d 107 (1st Dep't 2012) (employee's claims of age discrimination and retaliation in violation of NYCHRL were dismissed).

Again, stripping the allegations of characterizations of the conduct alleged, it can be seen that the allegations described in Holohan's Complaint are nothing other than petty slights or trivial inconveniences that the courts regularly have deemed insufficient to provide the basis for a NYCHRL claim.   *See Anderson v. Davis Polk & Wardwell LLP*, *supra,* 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012) (granting motion to dismiss NYCHRL claim); *Magnoni v. Smith & Laquercia, LLP,* 701 F. Supp. 2d 497, 506 (S.D.N.Y 2010) (finding following bench trial that allegations including that defendant told a crude anecdote from his sex life with another woman,

and occasionally referring to Plaintiff as voluptuous and knocking her knee to be insufficient under the NYCHRL). "Even assuming a periodic lapse of what might be considered perfect manners in a workplace setting, [Roth's] conduct plainly does not violate even the lower threshold of the NYCHRL, which is not intended to 'operate as a 'general civility code.'" *Anderson,* 850 F. Supp. 2d at 404.

## POINT III

### PLAINTIFF FAILS TO PLAUSIBLY ALLEGE ANY BASIS TO IMPUTE LIABILITY ONTO NEWMARK

In addition to showing that a hostile work environment existed, "in order to establish employer liability under Title VII and the NYSHRL for hostile actions taken by employees, a plaintiff must establish that the hostile work environment can be imputed to the employer." *McCall v. Genpak, LLC,* 2015 WL 5730352 (S.D.N.Y. Sept. 30 2015).

As an initial matter, for the reasons described supra at pp. 6 - 12, Plaintiff has failed to plausibly allege that Roth sexually harassed her, and thus there is no liability under Title VII, NYSHRL, or NYCHRL to be imputed onto Newmark for any purported conduct by Roth. In any event, Plaintiff has failed to otherwise adequately allege a specific basis for imputing any liability to Newmark. *Mack v. Otis Elevator Co.,* 326 F.3d 116, 122 (2d Cir.2003), *cert. denied,* 540 U.S. 1016, 124 S.Ct. 562, 157 L.Ed.2d 428 (2003) (citations omitted).

First, there is no plausible allegation that Holohan suffered any tangible employment action. *See Vance v. Ball State Univ.*, 570 US 421, 431, 133 S Ct 2434, 2443, 186 L Ed 2d 565 (2013) (liability for hostile work environment may be imputed to the employer if the alleged harasser is a supervisor with the power to "take tangible employment actions against the

16

victim, *i.e.,* to effect a 'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits', and plaintiff suffered a tangible employment action).  Although Holohan alleges in conclusory terms that her employment was terminated, the Complaint's allegations that she turned down the offer to transfer to another department undermine any allegation that she suffered any adverse employment action.

Second, there is no allegation that Roth had the power to take tangible employment actions against plaintiff.

Significantly, it is clear from the face of the Complaint that the first time Plaintiff ever complained about any purported sexual harassment by Roth was *after* she received her negative evaluation from Roth.  (*See* Compl. ¶¶ 91 and 104.)  In fact, it is clear from the face of the Complaint that while she had previously requested a transfer from Emden's team and had complained that she did not want to undertake personal assignments, she did not request a transfer from Roth's team. (*See* Compl. ¶¶ 25-26 and 73).  There is no allegation that prior to her complaining to H.R., Newmark was aware of instances of alleged inappropriate conduct by Roth such that it should have taken steps to prevent any repeat of such conduct.  There is no allegation that Roth ever engaged in any prior improper conduct at any time, that any such conduct occurred otherwise at Newmark, or that Newmark had knowledge of any such prior conduct. There is no allegation that there was no complaint procedure, or that no action was taken when Newmark learned of the alleged conduct at issue.  Quite the contrary, in fact, the Complaint clearly alleges that once Newmark learned of the alleged harassment it removed Roth, Emden and Roberts from the process, immediately initiated an investigation, and offered Holohan the opportunity to switch departments, which she turned down. (*See* Compl. ¶¶ 107-108, 112.)

17

For these reasons, the allegations are insufficient to impute liability to Newmark on this basis, and the Title VII and NYSHRL claims for sexual harassment against Newmark must be dismissed on this basis as well. *Prince v. Cablevision Sys. Corp.,* No. 04 Civ, 8151(RWS), 95 Fair Empl Prac Cas (BNA) 1305, 2005 WL 1060373, at *7-10 (S.D.N.Y. May 6, 2005) (dismissing claim where allegations were insufficient to impute liability upon company where there was no reason to believe it was aware of conduct prior to complaint and where there was no allegation that once it learned of alleged conduct it did nothing about it).

## POINT IV

### PLAINTIFF FAILS TO ALLEGE PLAUSIBLE CLAIMS OF RETALIATION UNDER TITLE VII, NYSHRL OR NYCHRL

To state a plausible retaliation claim under Title VII or the NYSHRL,[4] a plaintiff must allege that: "(1) she engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Giudice v. Red Robin Intern'l, Inc., 555* F. App'x 67, 68 (2d Cir. 2014) (citation omitted). The elements required to assert a *prima facie* claim of retaliation under the NYCHRL are identical, "except that the plaintiff need not prove any 'adverse' employment action; instead, [s]he must prove that something happened that would be reasonably likely to deter a person from engaging in a protected activity." *Harris v. NYU Langone Med. Ctr.*, No. 12-CV-0454(RA)(JLC), 2013 WL 3487032, at *26 (S.D.N.Y. July 9, 2013) (Report and Recommendation) (quoting *Jimenez v. City of New York*, 605 F. Supp. 2d 485, 528 (S.D.N.Y. 2009)), *adopted as modified*, 12-CV-0454, 2013 WL 5425336 (S.D.N.Y. Sept.

---

[4] The standards for evaluating retaliation claims are identical under Title VII and the NYSHRL. *Kelly v. Howard I. Shapiro & Assoc. Consulting Engineers, P.C.,* 716 F.3d 10, 14 (2d Cir. 2013).

27, 2013).  Holohan's threadbare allegations of retaliation fail to state a claim under all three statutes.

Simply stated, Holohan's retaliation claims are wholly deficient because she has not adequately alleged that Defendants took an adverse employment action against her *based on the protected activity*, nor has she alleged that Defendants took *any action whatsoever against her because of her complaint*.  Rather, the Complaint pleads in the most conclusory fashion that "[o]n December 6, 2017, Holohan was terminated from her position in retaliation for complaining of sexual harassment."  (Comp. ¶ 114.)  Aside from this conclusory allegation, the Complaint is devoid of any allegations as to who purportedly informed Holohan that she was terminated, who was involved in the decision to terminate her, where she was when she was terminated, what was said in connection with the termination, the reasons she was given for her alleged termination, or why and how the termination purportedly resulted from and was a consequential result of her complaints of sexual harassment.  This is precisely the sort of legal conclusion couched as a factual allegation that the courts refuse to permit plaintiffs to substitute for factual allegations providing a plausible basis for the claims asserted.  *See Grimes-Jenkins v. Consol. Ed. Co.*, 16-CV-4897, 2017 WL 2258374, at *11 (S.D.N.Y. May 22, 2017) (recommending dismissal on the pleadings of retaliation claims under Title VII, NYSHRL, and NYCHRL because conclusory allegation that plaintiff was retaliated against was insufficient to state a colorable claim of retaliation); *Feliciano v. City of New York*, 2015 WL 4393163, at *7-8 (S.D.N.Y. July 15, 2015) (granting motion to dismiss Title VII, NYSHRL and NYCHRL claims for retaliatory transfer where plaintiff alleged only that he was transferred in retaliation for his complaints).  This is particularly true where, as here, the factual pleadings contradict or undermine any allegation that she was terminated at all instead of having voluntarily quit given

she alleges she refused to work in the department and refused a transfer.  *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2d Cir. N.Y. 2011); *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995).  Even if, for the purposes of this motion, we *assume arguendo* that she was terminated by Newmark, her factual allegations establish that her refusal to work in the department or to transfer to another department was the proximate cause of her termination, and not any action taken by Defendants.

In any event, as to Roth, there are no allegations in the Complaint that Roth was involved in any decisions with regard to whether to continue to employ her, to offer to move her to a new department, or to take any action against her of any kind.

## POINT V

### PLAINTIFF CANNOT ESTABLISH AIDER OR ABETTOR LIABILITY AS AGAINST ROTH UNDER THE NYSHRL OR NYCHRL

While Holohan also seeks to hold Roth personally liable under the NYSHRL and NYCHRL for sexual harassment and retaliation, her failure to adequately plead cognizable claims of discrimination or retaliation against Newmark dooms the claims of individual liability or aider and abettor liability against Roth at the outset.  *See Falbaum v. Pomerantz*, 19 Fed. App'x 10, 15 (2d Cir. 2001) (where there is no discrimination by employer, "there is no predicate for imposing liability on the supervisors under an aiding and abetting theory"); *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 314 (2004) (holding that there must be a viable underlying discrimination claim to support aider and abettor liability under either the NYSHRL or NYCHRL).

The Complaint fails to adequately allege either that Roth (1) has "an ownership interest" in the employer or has "the authority to hire and fire employees," *Tomka v. Seiler Corp.*, 66 F.3d

1295, 1315, 1317 (2d Cir. 1995) (discussing NYSHRL), or (2) actually aided and abetted the unlawful discriminatory acts of *others* with principal liability through actual participation in the discriminatory acts of *others* – as an individual cannot be held liable merely for having aided or abetted his or her own discriminatory actions. *See Reid v. Ingerman Smith LLP,* 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) (granting motion to dismiss aiding and abetting claim against defendant who was alleged to be primary actor and against other employee who was not alleged to have actually participated in the conduct); *Hicks v. Int'l Bus. Machs.*, 44 F.Supp.2d 593, 600 (S.D.N.Y.1999) (granting Fed. R. Civ. P. 12(b)(6) motion on NYSHRL claim against alleged harasser "on the [theory] that the primary actor cannot be an aider and abettor of his own actions").

In *Tomka*, the Second Circuit noted that "an employee is not individually subject to suit under § 296 of the [NYS]HRL as an employer if he is not shown to have any ownership interest or any power to do more than carry out personnel decisions made by others." *Tomka*, 66 F.3d at 1317 (internal quotation omitted). As Roth is not alleged to have any "ownership interest" in Newmark nor the power to unilaterally terminate Plaintiff's employment, and is alleged to have been the primary actor in the sexual harassment discrimination, he cannot be held liable under an aiding and abetting sexual harassment claim. With respect to the retaliatory termination claim, Holohan fails to allege that Roth had any personal involvement whatsoever in her termination, or that he even knew about it. Thus, Plaintiff's causes of action against Roth for aider and abettor liability for Newmark's alleged violation of the NYSHRL and the NYCHRL must also be dismissed. *Robles v. Goddard Riverside Cmty. Ctr.*, No. 08 Civ. 4856, 2009 WL 1704627, at *3 (S.D.N.Y. June 17, 2009)(granting motion for judgment on the pleadings). In any event, as noted above, Plaintiff has not plausibly alleged that she was terminated at all, much less that she

21

was terminated in retaliation for having made any complaint.  Accordingly, NYCHRL and

NYSHRL claims would have to be dismissed for failure to allege a primary violation by

Newmark.  *See Anderson v. Davis Polk & Wardwell LLP*, 850 F Supp 2d 392, 405 (S.D.N.Y.

2012) (dismissing NYSHRL and NYCHRL aider and abettor claims where there was no

principal liability).

## POINT VI

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING CLAIMS AND DISMISS THE COMPLAINT

To the extent the Court dismisses Plaintiff's federal causes of action, as it should, even

should it find that Plaintiff has stated a claim for relief under the NYSHRL or the NYCHRL, it

should decline to exercise supplemental jurisdiction over same.  As discussed in *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966), in most

circumstances a District Court should decline supplemental jurisdiction if all federal claims have

been dismissed at the pleading stage.  "[I]n the usual case in which all federal-law claims are

eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

doctrine — judicial economy, convenience, fairness, and comity — will point toward declining

to exercise jurisdiction over the remaining state-law claims."  *Christiansen v. Omnicom Grp.,*

*Inc.,* 167 F. Supp. 3d 598, 617 (S.D.N.Y. 2016) (citing *Vuona v. Merrill Lynch & Co.,* 919 F.

Supp. 2d 359, 393 (S.D.N.Y. 2013)) (disposing of a plaintiff's Title VII and NYSHRL claims

because an identical standard applies, but declining to exercise supplemental jurisdiction over the

differently analyzed NYCHRL claims)); *Mesias v. Cravath, Swaine & Moore LLP*, 106 F Supp

3d 431, 439 (S.D.N.Y. 2015) (declining to exercise supplemental jurisdiction over NYSHRL and

NYCHRL claims where Plaintiff failed to state a claim under federal statutes, including Title

VII); *Marquez v.City of New York*, 14-CV-8185 (AJN), 2016 WL 4767577, at *9 (S.D.N.

Sept. 12, 2016) (declining to exercise supplemental jurisdiction over NYCHRL claim).

Accordingly, should the Court dismiss Plaintiff's federal law claims while allowing one or more of the remaining claims to proceed, the early stage of the litigation, and the multiple issues of state and city law implicated by Plaintiff's remaining claims, strongly suggest that the Court should decline to exercise supplemental jurisdiction over these non-federal causes of action.

**<u>CONCLUSION</u>**

For all the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice.  Defendants further respectfully request that the Court award such other and further relief as it deems just and proper, including reimbursement of their attorneys' fees and costs in connection with this motion.

Dated:  New York, New York
    October 19, 2018

**GOLDBERG SEGALLA LLP**

/s/ *Peter J. Biging*
PETER J. BIGING, ESQ.
ALLISON E. IANNI, ESQ.
JOANNE J. ROMERO, ESQ.
*Attorneys for Defendants*
711 Third Ave., Suite 1900
New York, New York 10017
Ph. 646.292.8700
Fax 646.292.8701
E-mail:  pbiging@goldbergsegalla.com
    aianni@goldbergsegalla.com
    jromero@goldbergsegalla.com

21072338.v1