UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEANNIE HOLOHAN,

                                                            Case No.: 18-cv-6275 (AJN)
                              Plaintiff,

                - against –

NEWMARK & COMPANY REAL ESTATE, INC.,
AND MERRILL L. ROTH, INDIVIDUALLY

                              Defendants.
-------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN
## FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT
## OF PLAINTIFF JEANNIE HOLOHAN

CANTOR FITZGERALD
110 East 59th Street
New York, NY 10022
Telephone: (212) 610-2298
By:
Michael S. Popok
David A. Paul

GOLDBERG SEGALLA LLP
711 Third Avenue, Suite 1900
New York, New York 10017
Telephone: (646) 292-8700
By:
Peter J. Biging, Esq.
Allison E. Ianni, Esq.
Joanne J. Romero, Esq.

Attorneys for Defendants
NEWMARK & COMPANY REAL ESTATE,
INC., AND MERRILL L. ROTH,
INDIVIDUALLY

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................ 1

**ARGUMENT** ............................................................................................................................... 1

**POINT I** ........................................................................................................................................ 1

    THE COMPLAINT FAILS TO STATE PLAUSIBLE SEXUAL HARASSMENT CLAIMS ..1

**POINT II** ...................................................................................................................................... 6

    THERE IS NO BASIS TO IMPUTE LIABILITY ONTO NEWMARK .................................6

**POINT III** .................................................................................................................................... 7

    THE COMPLAINT FAILS TO STATE PLAUSIBLE RETALIATION CLAIMS ...................7

**POINT IV** .................................................................................................................................... 9

    THERE IS NO AIDER OR ABETTOR LIABILITY AS AGAINST ROTH ............................9

**POINT V** .................................................................................................................................... 10

    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION ...10

**CONCLUSION** ......................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anderson v. Davis Polk & Wardwell LLP*,
    850 F. Supp. 2d 392 (S.D.N.Y. 2012) ................................................................................ 1, 3, 9

*Batten v. Global Contract Servs.*,
    2018 WL 3093968 (E.D.N.Y. 2018) ........................................................................................ 3

*Bell v. Baruch Coll.-CUNY*,
    2018 WL 1274782, 2018 Fair Empl Prac Cas (BNA) 81757 (S.D.N.Y. March 9,
    2018) ........................................................................................................................................ 2

*Bermudez v. City of New York*,
    783 F. Supp. 2d 560 (S.D.N.Y. 2011) ...................................................................................... 4

*Bowen v. Baldwin UFSD*,
    2017 WL 4083553 (E.D.N.Y. Aug. 23, 2017) .......................................................................... 7

*Butts v New York City Dept. of Educ.*,
    2018 WL 4725263 (E.D.N.Y. Sept. 28, 2018) ......................................................................... 8

*Carter v. Verizon*,
    2015 WL 247344 (S.D.N.Y. Jan. 20, 2015) ............................................................................. 3

*Collymore v. City of New York*,
    2018 WL 3014093 (S.D.N.Y. June 14, 2018) .......................................................................... 1

*Cristofaro v. Lake Shore Cent. Sch. Dist.*,
    473 F. Appx. 28 (2d Cir. 2012) ................................................................................................ 3

*DeBlasio v Merrill Lynch & Co.*,
    2009 WL 2242605 (S.D.N.Y. July 27, 2009) .......................................................................... 9

*EEOC v. Suffolk Laundry Servs., Inc.*
    48 F. Supp. 3d 497, 514 (E.D.N.Y. 2014) ............................................................................... 4

*Fisk v. Letterman*,
    401 F.Supp.2d 362 (S.D.N.Y. 2005) ........................................................................................ 9

*Forrest v. Jewish Guild for the Blind*,
    3 N.Y.3d 295 (2004) ................................................................................................................ 9

*Hicks v. Int'l Bus. Machs.*,
    44 F.Supp.2d 593 (S.D.N.Y. 1999) .......................................................................................... 9

*Johnson v. J. Walter Thompson U.S.A., LLC*,
 224 F. Supp. 3d 296 (S.D.N.Y. 2016) ........................................................................... 4, 5

*Kaytor v Electric Boat Corp.*,
 609 F.3d 537 (2d Cir. 2010) ................................................................................... 4, 5, 6

*Koulkina v. City of New York*,
 2009 WL 210727 (S.D.N.Y. Jan. 29, 2009) ..................................................................... 9

*Lamar v. NYNEX Serv. Co.*,
 891 F. Supp. 184 (S.D.N.Y. 1995) .................................................................................... 2

*Nunez v. New York State Dept. of Corr. and Commun. Supervision*,
 2015 WL 4605684, 2015 Fair Empl Prac Cas (BNA) 187128 (S.D.N.Y. July 31, 2015) ................................................................................................................................ 3

*Patane v. Clark*,
 508 F.3d 106 (2d Cir. 2007) ............................................................................................. 1

*Prince v. Cablevision Sys. Corp.*,
 2005 WL 1060373 (S.D.N.Y. May 6, 2005) ................................................................. 3, 7

*Pucino v. Verizon Wireless Communs., Inc.*,
 618 F.3d 112 (2d Cir. 2010) ......................................................................................... 4, 5

*Racker v. St. Bonaventure Univ.*,
 2005 WL 1522797 (W.D.N.Y. June 28, 2005) ................................................................ 8

*Reid v. Ingerman Smith LLP*,
 876 F. Supp. 2d 176 (E.D.N.Y. 2012) .............................................................................. 9

*Robles v. Goddard Riverside Cmty. Ctr.*,
 2009 WL 1704627 (S.D.N.Y. June 17, 2009) .................................................................. 9

*Salvatore v. KLM Royal Dutch Airlines*,
 1999 WL 796172 (S.D.N.Y. Sep. 30, 1999) ..................................................................... 2

*Schiano v Quality Payroll Sys.*,
 445 F.3d 597 (2d Cir. 2006) ............................................................................................. 9

*Uddin v. City of New York*,
 427 F. Supp. 2d 414 (S.D.N.Y. 2006) .............................................................................. 8

*Vance v. Ball State Univ.*,
 570 U.S. 421 (2013) ......................................................................................................... 6

**Statute(s)**

Title VII ................................................................................................................... 1, 3, 6

**PRELIMINARY STATEMENT**

      Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss the Complaint in its entirety, with prejudice.  As demonstrated below and in Defendants' moving brief, the Complaint fails to plausibly allege conduct that is either "severe" or "pervasive," as required to state a claim for hostile work environment sexual harassment under Title VII or the NYSHRL.[1]  Nor does the Complaint plausibly allege a hostile work environment claim based on sex even under the more lenient standard of the NYCHRL.[2]  In a transparent attempt to bolster her Complaint's allegations, Plaintiff asserts in her opposition that Roth made **multiple** sexual comments and touchings, but such claims are belied by the Complaint itself, which only describes a **single** incident of an unintentional touching and a single comment made by Roth that could be construed as sexual in nature.  The remainder of the Complaint is populated with allegations of additional misconduct that, in fact, merely describes Plaintiff's non-actionable frustrations and annoyances with her workplace and supervisors with whom she did not get along.  Plaintiff's opposition papers also fail to establish an adequately pled retaliation claim under Title VII, the NYSHRL, or the NYCHRL, but rather serve to illustrate the inadequacy of her pleading, which only conclusorily alleges her employment with Newmark was terminated in retaliation for complaining about sexual harassment, while failing to set forth a factual basis for same.  As a result, the Complaint must be dismissed.

**ARGUMENT**

**POINT I**

**THE COMPLAINT FAILS TO STATE PLAUSIBLE SEXUAL HARASSMENT CLAIMS**

      Recognizing that the allegations in her Complaint fall far short of the required pleading

---

[1] *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007); *Anderson v. Davis Polk & Wardwell LLP*, 850 F Supp. 2d 392, 404 (S.D.N.Y. 2012); *Collymore v. City of New York,* 2018 WL 3014093 (S.D.N.Y. June 14, 2018).
[2] *Anderson v. Davis Polk & Wardwell LLP*, 850 F Supp. 2d 392 (S.D.N.Y. 2012).

1

standards, Plaintiff's memorandum of law in opposition to the motion to dismiss ("Pl's MOL" or "Plaintiff's Memo") misrepresents the Complaint as alleging multiple "comments" by Roth "overtly declaring" himself as being a "sexual monster," (Pl's MOL p. 9) and multiple "touching's" [sic] by Roth.  (Id. pp. 1, 17).  In fact, the Complaint alleges **neither** multiple comments of such kind **nor** multiple "touchings".  Rather, as noted above, the Complaint alleges **a sole incident** of Roth inadvertently brushing Plaintiff's thigh and allegedly commenting that he is "**NOT** a sexual monster" (emphasis added) and "understand[s] women well" (the "Sole Incident").  And while Plaintiff's Memo alleges that, despite her "objection," Roth inched closer to her, the Complaint *actually* alleges *no* such objection in response to the inadvertent brushing. Rather, the Complaint alleges that, following the alleged comment, Plaintiff made up an excuse that she had to go to the bathroom.  (Compl. ¶ 36). Critically, the Complaint does not allege that the conduct in the Sole Incident was repeated, that there were any other instances of touching, intentional or otherwise, or that there were any other overtly sexual comments in Plaintiff's workplace.[3]

While ignoring virtually every other case cited by Defendants for the proposition that allegations of casual contact, even if intentional, are insufficient to be deemed severe or pervasive,[4] Plaintiff attempts to minimize the pertinence to this Court's analysis of the decision

---

[3] In an effort to make the single alleged touching appear to be one of multiple such incidents, Plaintiff repeatedly references the allegation concerning a purported touching (Pl's MOL pp. 1, 6, 9-11, 13, 17). Yet, as ¶¶ 33 and 109 of the Complaint make clear, only one touching is alleged.  And, besides the alleged comments made during the course of the Sole Incident, only three other comments are alleged, not one of which is alleged to be overtly sexual in nature: (1) Roth joking in an email about whether he would get a reward for returning a notebook Plaintiff forgot in his office; (2) Roth stating he had no issues with what he Plaintiff was wearing after she advised she felt she had to immediately leave work to purchase more suitable office attire; and (3) Roth saying, when Plaintiff corrected him, that he wondered what else she was good at. The Complaint admits the alleged comments and conduct were NOT explicitly flirtatious (Compl. at ¶ 110), and Plaintiff's Memo acknowledges these comments were not overtly sexual. Rather, Plaintiff seeks to have the Court perceive them as "double entendres", requiring a stretch of the imagination to be interpreted as sexual in nature.
[4] *See Salvatore v. KLM Royal Dutch Airlines,* 1999 WL 796172, at *11 (S.D.N.Y. Sep. 30, 1999); *Bell v. Baruch Coll.-CUNY*, 2018 WL 1274782 at *5, 2018 Fair Empl Prac Cas (BNA) 81757 (S.D.N.Y. March 9, 2018); *Lamar*

in *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 404 (S.D.N.Y. 2012), in which the court granted plaintiff's motion to dismiss sexual harassment claims under Title VII, NYSHRL, and NYCHRL.  Plaintiff argues that *Anderson* is distinguishable because it does not involve any allegations of actual touching, but this contention is demonstrably incorrect.  In fact, the *Anderson* plaintiff alleged that his supervisor came to his cubicle "on occasions and placed her vagina" on his left shoulder, or would "place her vagina literally on my left shoulder".

Plaintiff similarly mischaracterizes the decision in *Batten v. Global Contract Servs.*, 2018 WL 3093968 (E.D.N.Y. 2018) in support of her argument that she has plausibly alleged subjectively and objectively severe and pervasive conduct.  In *Batten*, plaintiff claimed that her supervisor had taken her by surprise by hugging her from behind, locking his arms under her breasts (i.e., actually touching her breasts), and squeezing her body, while pressing his cheek against hers for more than ten seconds.  2018 WL 3093968 at *1 and *5.[5]  In holding that this conduct was sufficiently severe to withstand dismissal on summary judgment, the court found compelling that plaintiff was "held in place" by her supervisor and had described this conduct as a "sexually forceful grope" that "sexually violat[ed]" and "physically threaten[ed]" her.  *Id*.  Holohan fails to allege conduct that is even remotely similar to that at issue in *Batten*, and cannot seriously claim that the Sole Incident is comparable to the conduct described there.

---

*v. NYNEX Serv. Co.,* 891 F. Supp. 184, 195 (S.D.N.Y. 1995); *Cristofaro v. Lake Shore Cent. Sch. Dist.*, 473 F. App'x 28, 30 (2d Cir. 2012). Moreover, while Plaintiff purports to make much of the Sole Incident, Plaintiff fails to address the argument that courts have granted motions to dismiss in cases involving allegations of conduct far more egregious than the admittedly non-flirtatious incident that Holohan alleges here, including in cases involving overt sexual advances, groping or forcible kissing. *See, e.g., Prince v. Cablevision Sys. Corp.,* 2005 WL 1060373 at *7-10 (S.D.N.Y. May 6, 2005); *Nunez v. New York State Dept. of Corr. and Commun. Supervision,* 2015 Fair Empl Prac Cas (BNA) 187128 (S.D.N.Y. July 31, 2015); and *Carter v. Verizon*, 2015 WL 247344, at *12 (S.D.N.Y. Jan. 20, 2015).

[5] In striking contrast to how it was described in the decision, Plaintiff describes *Batten* as involving a single incident wherein the "defendant did nothing more than grab[] the plaintiff from behind and press[] his cheek to her cheek for no more than seconds," (Pl's MOL at p. 10), like a quick hug with no sexual overtones.  Plaintiff argues that "here we have the touching of a much more intimate body part (a thigh) in comparison to a hug cheek to cheek". *Id.* Clearly, breasts are a much more intimate body part than a thigh.

3

Plaintiff's reliance on *EEOC v. Suffolk Laundry Servs., Inc.* to argue that unwanted touching is a significant factor contributing to a hostile work environment is also unwarranted; that case involved intentional "recurring" and "unwanted physical contact,"[6] which is readily distinguishable from what is alleged here. 48 F. Supp. 3d 497, 514 (E.D.N.Y. 2014).[7]

With respect to her NYCHRL claim, Plaintiff cites to *Bermudez v. City of New York*, 783 F. Supp. 2d 560 (S.D.N.Y. 2011) for the proposition that allegations of "non-physical work interactions with sexual content or undertones" are sufficient to survive a motion to dismiss a NYCHRL claim. But *Bermudez*, too, is easily distinguishable. There, plaintiff had alleged numerous and repeated sexually explicit gestures and comments, including comments concerning plaintiff's "beautiful body" and the supervisor's romantic interest in her and desire to "make love" to her, the majority of which were overtly sexual in nature. *Id.* at 582-583.

Evidently recognizing the thinness of the allegations, Plaintiff tries to buttress her hostile work environment sexual harassment claim with non-actionable, facially neutral allegations that she was subjected to unfair criticism and ultimately received a negative evaluation. Citing to *Pucino v. Verizon Wireless Communs., Inc*., 618 F.3d 112 (2d Cir. 2010), *Johnson v. J. Walter Thompson U.S.A., LLC*, 224 F. Supp. 3d 296 (S.D.N.Y. 2016) and *Kaytor v Electric Boat Corp.,* 609 F.3d 537 (2d Cir. 2010), Plaintiff argues that this "facially sex-neutral" conduct can properly be relied on to establish a course of sex-based discrimination. (Pl's MOL p. 12). However, close examination reveals that these cases do not support Plaintiff's argument.

---

[6] This included 15 occasions of the defendant allegedly "caressing" her shoulder, "touching her in her face and at the waist, and asking her for a kiss on several occasions . . . despite her requests that he stop the behavior—in addition to her observations of [his] conduct engaging in similar harassment of other female employees."

[7] Plaintiff also fails to address the various cases Defendants cited holding that allegations of casual contact, even if intentional, are insufficient to be deemed severe or pervasive. *See* ECF Doc. 18 at p. 10. While making much of the Sole Incident, Plaintiff also fails to address the various cases Defendants cited wherein courts granted motions to dismiss despite allegations of conduct far more egregious than here. *See* ECF Doc. 18 at p. 11.

*Pucino* involved allegations of verbal abuse where the plaintiff was called "bitch" over several years, along with egregious instances of disparate treatment of women employees. Because the verbal abuse was clearly sex based and reflected hostility to women, the other facially neutral incidents of disparate treatment could be inferred to reflect hostility to women. By contrast, Holohan has not alleged comments that suggest an overt and general hostility to women that would justify imputing gender bias onto other normal workplace interactions. Indeed, there is no allegation that Holohan was treated disparately from men under similar circumstances or that other women were treated disparately from men.

Plaintiff's reliance on *Johnson v J. Walter Thompson U.S.A., LLC*, 224 F. Supp. 3d 296 (S.D.N.Y. 2016) is also misplaced. There, the allegations included references by the supervisor to sex and rape coupled with physical or physically intimidating conduct. "In threatening to 'rape' Johnson (even jokingly) and asking which other female employees he could rape," the court concluded "Martinez asserted power over Johnson in an explicitly sexualized and gendered form." *Johnson*, 224 F. Supp. 3d at 309-10. And based on the repeated and intimidating references to rape, the court held that one could conclude that other instances where the supervisor threatened to kill plaintiff were not gender neutral. *Id*. This *is* readily distinguishable from the present case in that, aside from the Sole Incident, no other overtly sexual conduct or comments of any kind before or after is alleged.

*Kaytor* is similarly distinguishable in that plaintiff alleged her supervisor told her she was attractive for a woman her age, commented on her smell, told her she had a flat ass and threatened her with physical harm when she turned down his advances, telling her on at least six occasions he wanted to "choke" her, and when she left to see the gynecologist he yelled for others in the office to hear that she was spreading her legs for the doctor. 609 F.3d at 539-40.

5

Notably, *Kaytor* clarified that where incidents with overtly sexual overtones were perpetrated by individuals other than those who engaged in sex-neutral incidents, there could be no basis for inferring that the wholly different facially sex-neutral incidents were part of a campaign to harass the plaintiff on the basis of her sex. 609 F.3d at 549.  As such, it is clear the allegations concerning Emden or Roberts cannot support a hostile work environment based on her gender.

## POINT II
## THERE IS NO BASIS TO IMPUTE LIABILITY ONTO NEWMARK

In arguing that liability can properly be imputed to Newmark, Plaintiff asserts that "[w]hen an alleged harasser is in a supervisory position over an employee, the objectionable conduct is automatically imputed to the employer for purposes of asserting a hostile work environment claim," Pl's MOL at 14-15.  However, Plaintiff has failed to plausibly allege that defendant Roth or anybody else at Newmark created an actionable hostile work environment. As such, there is no liability under Title VII, NYSHRL, or NYCHRL to be imputed onto Newmark for same.  In any event, Plaintiff has failed to otherwise adequately allege a specific basis for imputing any liability under Title VII or the NYSHRL to Newmark for sexual harassment or retaliation, as there is no plausible allegation in the Complaint that Holohan suffered any tangible adverse employment action. *Vance v. Ball State Univ.*, 570 U.S. 421, 431 (2013) (liability for hostile work environment may be imputed to the employer if plaintiff suffered a tangible employment action).  Although Holohan alleges in conclusory terms that her employment was terminated, she never alleges that she was fired, and the Complaint's allegations that she turned down the offer to transfer to another department undermine any suggestion or implication that she was involuntarily terminated.  In purporting to respond to this argument, Plaintiff's Memo does nothing to address this pleading deficiency.

Moreover: (1) there are no allegations that prior to her complaining to H.R., Newmark

was aware of instances of alleged inappropriate conduct by Roth such that it should have taken steps to prevent any repeat of such conduct, or that any such conduct occurred otherwise at Newmark and Newmark had knowledge of same; and (2) there is no allegation that there was no complaint procedure, or that Newmark took no action when it learned of the alleged conduct. Instead, the Complaint alleges that once Newmark learned of the alleged harassment it removed Roth, Emden and Roberts from the process, immediately initiated an investigation, and offered Holohan a department transfer, which she turned down. (Compl. ¶¶ 107-108, 112).[8] As such, the Complaint's allegations are insufficient to impute liability to Newmark. *Prince v. Cablevision Sys.*, 2005 WL 1060373 *11 (S.D.N.Y. May 6, 2005).

## POINT III
### THE COMPLAINT FAILS TO STATE PLAUSIBLE RETALIATION CLAIMS

In responding to Defendants' arguments with respect to her retaliation claims, Plaintiff contends that the adverse employment action and causation elements of her retaliation claim have been properly pled because of the alleged temporal proximity of her alleged complaints to H.R., and her termination. However, the fact is that just because she alleges she complained and she was terminated, and the events took place in close proximity, that is not enough considering the allegations in her complaint as a whole. *Bowen v. Baldwin UFSD,* 2017 WL 4083553, at *7-8 (E.D.N.Y. Aug. 23, 2017), report and recommendation adopted, 2017 WL 4083573 (E.D.N.Y. Sept. 14, 2017) (normally temporal proximity may be sufficient to plead a causal nexus between the protected activity and adverse action, but "the overwhelming majority of the [c]omplaint"

---

[8] While Plaintiff incorrectly asserts that her Complaint alleges that she was told to make Defendant Roth "happy" after she complained about the sexual harassment (Pl's MOL at p. 16), the only allegation containing the term "happy" is wherein Roberts told Plaintiff that Mr. Roth was not happy with Plaintiff's work (well before she ever complained about alleged sexual harassment). (Compl. ¶ 50). To the extent Plaintiff is alleging for the first time in Plaintiff's Memo that her "initial objections to the sexual harassment were met with encouragement to make Defendant Roth 'happy'", this amendment is improper, particularly as she chose not to amend her Complaint despite being offered an opportunity to do so. (ECF Doc. No. 20)(Order cautioning of potential waiver of right to amend).

7

detailed gradual adverse job actions before the protected activity, so temporal proximity was not sufficient to state a claim); *Racker v. St. Bonaventure Univ.,* 2005 WL 1522797, at *7 (W.D.N.Y. June 28, 2005) (rejecting argument that termination was adverse employment action because complaint itself alleged "she refused defendant's offer of continued employment on a provisional basis. . . Under these circumstances, the court has no difficulty concluding that plaintiff's termination was the result of her own decision not to accept the University's offer, rather than the result of any adverse, retaliatory action on the part of the employer.").

The retaliation claim against Roth is wholly deficient because there is no allegation Roth was aware Plaintiff complained about him or that he took any adverse employment action or was involved in any decisions to take any adverse employment action against her after she complained about him.[9] The retaliation claim against Newmark is deficient because, while Holohan alleges she was terminated, she has not alleged that Newmark actually fired her. In fact, the pleadings contradict any suggestion or implication that she was fired because they indicate she was only terminated after she refused to work in the department while at the same time refusing a transfer. You cannot say, "I'm not coming to work here, and I won't work there," and call that a firing.  Not surprisingly, Plaintiff never uses the word, and Plaintiff's Memo does not dispute that she voluntarily resigned.  While Plaintiff's goal may be to try to get past the pleading stage and deal with this fundamental problem later, she should not be permitted to get away with this.  In any event, even if the court were to credit the suggestion that she was involuntarily terminated, the fact that she alleges she received a negative evaluation well before the complaint was made would defeat her claim of retaliation based on temporal proximity.  Because Plaintiff's conclusory allegation of retaliatory termination is contradicted by other allegations in her

---

[9] *Uddin v. City of New York*, 427 F. Supp. 2d 414, 433 (S.D.N.Y. 2006) (retaliation claim failed where decision maker was not aware of protected activity); *Butts v New York City Dept. of Educ.*, 2018 WL 4725263 (E.D.N.Y. Sept. 28, 2018) (retaliation claims failed against individuals not alleged to have known about protected activity).

Complaint, she simply has not plausibly alleged retaliation.[10]

## POINT IV
## THERE IS NO AIDER OR ABETTOR LIABILITY AS AGAINST ROTH

While Plaintiff argues an individual can be held personally liable for aiding and abetting the same conduct which he allegedly participated in under both the NYCHRL and the NYSHRL, Plaintiff's failure to adequately plead cognizable claims of discrimination or retaliation against Roth or Newmark dooms the claims of aider and abettor liability against Roth.[11] Moreover, contrary to Plaintiff's argument, given Roth is alleged to have been the primary actor in the sexual harassment discrimination, he cannot be held liable under an aiding and abetting sexual harassment claim.[12] Further, with respect to the retaliatory termination claim, Holohan fails to allege that Roth had any personal involvement whatsoever in her termination, or that he even knew about it. Thus, Plaintiff's cause of action against Roth for aider and abettor liability for any alleged retaliatory termination of Plaintiff by Newmark in violation of the NYSHRL and the NYCHRL must also be dismissed on that basis. *Robles v. Goddard Riverside Cmty. Ctr.*, No. 08 Civ. 4856, 2009 WL 1704627, at *3 (S.D.N.Y. June 17, 2009).[13]

---

[10] *DeBlasio v Merrill Lynch & Co.*, 2009 WL 2242605, *26 (S.D.N.Y. July 27, 2009) (court not obligated to accept as true allegations "in significant tension" with other allegations in complaint); *Koulkina v. City of New York*, 2009 WL 210727, at *6 (S.D.N.Y. Jan. 29, 2009) (court not obliged to reconcile plaintiffs' contradictory pleadings); *Fisk v. Letterman*, 401 F.Supp.2d 362, 368 (S.D.N.Y. 2005).

[11] *Forrest v. Jewish Guild for the Blind*, 3 N.Y.3d 295, 314 (2004) (viable underlying discrimination claim required for NYSHRL/NYCHRL aider and abettor liability); *Anderson v. Davis Polk & Wardwell LLP*, 850 F Supp 2d 392, 405 (S.D.N.Y. 2012) (dismissing NYSHRL/NYCHRL aider and abettor claims without principal liability).

[12] *See Reid v. Ingerman Smith LLP,* 876 F. Supp. 2d 176, 186 (E.D.N.Y. 2012) (granting motion to dismiss aiding and abetting claim against defendant alleged to be primary actor and against other employee who was not alleged to have actually participated in the conduct); *Hicks v. Int'l Bus. Machs*., 44 F.Supp.2d 593, 600 (S.D.N.Y. 1999) (dismissing claim against harasser because "primary actor cannot be an aider and abettor of his own actions").

[13] Plaintiff misinterprets *Schiano v Quality Payroll Sys.,* 445 F.3d 597, 610 (2d Cir. 2006) in arguing that an aiding and abetting claim can be asserted against the sole contributor to a hostile work environment. In fact, another supervisor had allegedly contributed to it by threatening in anger or frustration to transfer plaintiff after she complained to him about the hostile environment. While an individual defendant is required to have actually participated in the conduct by another giving rise to the claim to be held liable as an aider and abettor, this does not mean that even the primary actor can be held liable as an aider or abettor. *Reid,* 876 F. Supp. 2d at 186.

## POINT V

## THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

While Plaintiff cites to case law for the proposition that the Court should retain jurisdiction over state law claims that are analytically identical to any federal law claims that are dismissed, the fact is that the analytically identical framework would require dismissal of the state law claims as well, in any event. Plaintiff provides no legal support for retaining jurisdiction over her NYCHRL claims, which she elsewhere argues are subject to different standards. (Pl's MOL at 14.) In light of the different analytical framework of the NYCHRL claims, the Court should decline to exercise supplemental jurisdiction over those claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, and award such other and further relief as it deems just and proper, including reimbursement of attorneys' fees and costs incurred in connection with this motion.

Dated: New York, New York
December 7, 2018

**GOLDBERG SEGALLA LLP**

/s/ *Peter J. Biging*
PETER J. BIGING, ESQ.
ALLISON E. IANNI, ESQ.
JOANNE J. ROMERO, ESQ.
711 Third Ave., Suite 1900
New York, New York 10017
Telephone (646) 292-8700

Michael S. Popok
David A. Paul
CANTOR FITZGERALD
110 East 59th Street
New York, NY 10022
Telephone: (212) 610-2298

*Attorneys for Defendants*